Elizabeth M. Bakalar (Alaska Bar No. 0606036)
City Attorney
City of Bethel
300 State Highway, PO Box 1388
Bethel, AK 99559
Email: lbakalar@cityofbethel.net
Telephone: (907) 545-0115

*Attorney for the City of Bethel*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALAKSA**

| | |
|---|---|
| ASSOCIATION OF VILLAGE COUNCIL PRESIDENTS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> NATIONAL MARINE FISHERIES SERVICE, et al., <br><br> Defendants. | Case No. 3:23-cv-00074-SLG <br><br> **CITY OF BETHEL'S MEMORANDUM IN SUPPORT OF MOTION TO INTERVENE** |

**BACKGROUND**

This case arises from the Defendants' decision to adopt annual catch limits for the groundfish fisheries of the Bering Sea and Aleutian Islands without conducting an analysis of the environmental effects of that decision in the context of the current environment, in violation of the National Environmental Policy Act (NEPA). Specifically,

Page 1 of 13
*Association of Village Council Presidents, et al. v. National Marine Fisheries Service et al.,*: Case No. 3:23-cv-00074SLG [Memorandum in Support of Motion to Intervene]

Case 3:23-cv-00074-SLG   Document 23-1   Filed 08/14/23   Page 1 of 13

Defendants relied on a 16-year-old environmental impact statement and a 19-year old programmatic environmental impact statement that fail to consider the impact of harvest specifications on the declining salmon populations of the Yukon-Kuskokwim Delta Region, of which Bethel is the largest municipality.

The City of Bethel ("Bethel" or "City") is a municipal corporation and a general-law second class city within the State of Alaska's unorganized borough.[1] Bethel occupies 44 square miles and is located about 75 miles inland from the Bering Sea on the Kuskokwim River. Bethel has a population of 6,362 residents and is the regional hub for the approximately 25,000 people living in the 52 villages of the Yukon-Kuskokwim Delta Region. Bethel has a city-manager form of government with all the rights, powers, privileges, functions, and immunities that a general-law, second class municipality may exercise under Alaska's statutes and constitution, including legislative powers.[2] Bethel is governed by a seven-member Council elected by the voters at large.[3] Bethel levies between a six and fifteen percent sales tax on all sales transactions within the city. Proceeds from these taxes constitute—by far—the City's principal source of municipal tax revenues, and a substantial portion of these revenues are used to fund essential city services and facilities, including water, sewer, police, and firefighting.[4]

---

[1] Bethel Municipal Code (BMC) 1.03.010.
[2] BMC 1.03.010-.020.
[3] Alaska Statute (AS) 29.20.130.
[4] BMC 4.16.020.

Page 2 of 13
*Association of Village Council Presidents, et al. v. National Marine Fisheries Service et al.,*: Case No. 3:23-cv-00074SLG [Memorandum in Support of Motion to Intervene]

Case 3:23-cv-00074-SLG   Document 23-1   Filed 08/14/23   Page 2 of 13

On May 23, 2023, the Bethel City Council adopted a unanimous resolution directing the City to seek intervention or amicus participation in this case.[5] In a series of "whereas" clauses, that resolution sets forth the City's interest in this litigation and the Council's reasons for seeking City participation. Specifically, the resolution states that the Yukon and Kuskokwim Rivers have long been the City of Bethel and surrounding region's primary source of salmon; many City residents rely on salmon for subsistence harvesting; and salmon are of significant cultural and nutritional value to the community.[6]

Further and most significantly, however, is Bethel's unique economic interest in healthy salmon runs. City tax on retail sales, which ranges between six and 15 percent, constitute a major source of revenue for the City, and subsistence and commercial fishing and its attendant sales for items such as supplies, guiding, fuel, and gear have historically contributed to the City's sales tax base.[7] Moreover, recent precipitous declines in the population of multiple salmon species that originate from and return to the Yukon and Kuskokwim rivers have adversely impacted the City's residents, finances, and economy.[8]

---

[5] *See* Exhibit A, Resolution #23-10 ("A Resolution by the Bethel City Council Directing the City to Join as Amicus or Intervenor in Pending Federal Litigation Supporting an Updated Environmental Impact Statement and Fisheries Management Plan for Groundfish Fisheries of the Bering Sea, Aleutian Islands, and Gulf of Alaska.").
[6] *Id*.
[7] *Id*.
[8] *Id*.

Page 3 of 13
*Association of Village Council Presidents, et al. v. National Marine Fisheries Service et al.,*: Case No. 3:23-cv-00074SLG [Memorandum in Support of Motion to Intervene]

Case 3:23-cv-00074-SLG   Document 23-1   Filed 08/14/23   Page 3 of 13

# ARGUMENT

Both the Federal Rules of Civil Procedure and controlling caselaw interpreting those rules support Bethel's motion to intervene. Federal Rule of Civil Procedure 24 permits an interested party to intervene in litigation either as a matter of right or with the Court's permission.[9] Though a party need satisfy only one of these two standards, Bethel meets both. Accordingly, the Court should grant Bethel's motion to intervene.

## I. Bethel may intervene as a matter of right.

Under Federal Rule of Civil Procedure 24(a)(2), a court must allow intervention by a party "who . . . claims an interest relating to the property or transaction that is the subjected of the action and is so situated that disposing of the action may as a practical matter impair or impeded the [party's] ability to protect its interest, unless existing parties adequately protect that interest." In interpreting this rule, the Ninth Circuit has adopted a four-part test for determining whether a party may intervene as a matter of right.[10] First, the party's motion must be timely.[11] Second, the party must assert a "significantly protectable interest" relating to the transaction or property that is the subject of the action.[12] Third, the party must show that "disposition of the action may, as a practical

---

[9] Fed. R. Civ. P. 24(a) (discussing intervention as a matter of right) and (b) (discussing permissive intervention).
[10] *E.g.*, *Citizens for Balanced Use v. Montana Wilderness Ass'n*, 647 F.3d 893, 897 (9th Cir. 2011) (*quoting Prete v. Bradbury*, 438 F.3d. 949, 954 (9th Cir. 2006)).
[11] *Id*.
[12] *Id*. (quoting *Prete*, 438 F.3d at 954) (quotation marks omitted)).

Page 4 of 13
*Association of Village Council Presidents, et al. v. National Marine Fisheries Service et al.,*: Case No. 3:23-cv-00074SLG [Memorandum in Support of Motion to Intervene]

Case 3:23-cv-00074-SLG   Document 23-1   Filed 08/14/23   Page 4 of 13

matter, impede [the party's] ability to protect its interest.[13] And finally, the party must show that none of the existing parties adequately represent the party's interests.[14] Although the party seeking intervention must show it meets all four elements, courts should interpret the requirements in a manner that favors intervention.[15] Bethel meets all four elements of the Ninth Circuit's test.

## A. Bethel's motion is timely.

The Court should consider Bethel's motion to intervene as timely. Courts look to three factors when determining whether a motion to intervene is timely: (1) the stage of the proceedings; (2) the possibility of prejudice to the parties; and (3) the reason for any delay in requesting intervention.[16]

Here, Bethel seeks to intervene in a timely manner. Plaintiffs filed their complaint on April 7, 2023.[17] Shortly thereafter, the Federal Defendants requested and received an unopposed extension of time until August 14, 2023 to file the administrative record.[18] This was about the same time, in late May, that the Bethel City Council directed the City to seek intervention as a Plaintiff in this case.[19] On June 23, 2023, proposed Intervenor-

---

[13] *Id*. (quoting *Prete*, 438 F.3d at 954) (quotation marks omitted)).
[14] *Id*. (quoting Prete, 438 F.3d at 954).
[15] *Id*. (*citing Prete*, 438 F.3d. at 954).
[16] *Nw. Forest Res. Council v. Glickman*, 82 F.3d 825, 836 (9th Cir. 1996), *as amended on denial of reh'g* (May 30, 1996) (citing *United States v. Oregon*, 913 F.2d 576, 588 (9th Cir. 1990)).
[17] Dkt. 1.
[18] Dkt. 6.
[19] Exhibit A.

Page 5 of 13
*Association of Village Council Presidents, et al. v. National Marine Fisheries Service et al.,*: Case No. 3:23-cv-00074SLG [Memorandum in Support of Motion to Intervene]

Case 3:23-cv-00074-SLG   Document 23-1   Filed 08/14/23   Page 5 of 13

Defendants the At-Sea Processors Association and United Catcher Boats filed a motion to intervene, which was granted on July 13. In short, this litigation is in its early stages and no substantive rulings or proceedings have occurred. There is no possible prejudice to the parties from Bethel's proposed intervention at this stage, nor is there any delay given the timeline of orders and events to date. The Court should find Bethel's motion timely.

### B. Bethel has a significantly protectable interest in this case.

Bethel's interest in the outcome of this litigation is significant. To intervene as a matter of right, a party must show it has a "significantly protectable interest" in the action at issue.[20] A party need not establish a specific legal or equitable interest. Rather, "[t]o demonstrate a significant protectable interest," the party seeking intervention "must establish that the interest is protectable under some law and that there is a relationship between the legally protected interest and the claims at issue."[21] A relationship between the asserted interest and the claims at issue exists when "the resolution of the plaintiff's claims actually will affect" the party seeking intervention.[22] Various interests may satisfy this requirement, including a party's economic interest that is "concrete and related to the

---

[20] *Citizens for Balanced Use v. Montana Wilderness Ass'n*, 647 F.3d at 897 (9th Cir. 2011).
[21] *Id.* (*citing Nw. Forest Res. Council*, 82 F.3d at 837).
[22] *Donnelly v. Glickman*, 159 F.3d 405, 410 (9th Cir. 1998).

Page 6 of 13
*Association of Village Council Presidents, et al. v. National Marine Fisheries Service et al.,*: Case No. 3:23-cv-00074SLG [Memorandum in Support of Motion to Intervene]

Case 3:23-cv-00074-SLG   Document 23-1   Filed 08/14/23   Page 6 of 13

underlying subject matter of the action."[23] Last, courts should accept as true non-conclusory allegations made in support of a motion to intervene.[24]

As noted by the Bethel City Council in its Resolution directing the City to seek intervention in this matter, the Yukon and Kuskokwim Rivers have long been the City and Region's primary source of salmon.[25] As noted by Plaintiffs as well as the City Council, many residents rely on salmon for subsistence harvesting, and salmon are of significant cultural and nutritional value.[26] The City imposes a sales tax on all retail sales, ranging between six and fifteen percent, which constitutes a major source of revenue for the City. Subsistence and commercial fishing and its attendant sales for items such as supplies, guiding, fuel, and gear have historically contributed to the City's sales tax base.[27] Recent precipitous declines in the population of multiple salmon species that originate from and return to the Yukon and Kuskokwim rivers have adversely impacted Bethel's residents and economy.[28] Plaintiffs allege that the Federal Defendants are relying on a grossly outdated environmental impact statement for harvest specifications, and the Bethel City Council has resolved that the Federal Defendants' failure to responsibly manage

---

[23] *United States v. Alisal Water Corp.*, 370 F.3d 915, 919–920 (9th Cir. 2004).
[24] *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 819 (9th Cir. 2001) (adopting this standard).
[25] Exhibit A.
[26] See Dkt. 1; Exhibit A.
[27] Exhibit A.
[28] Exhibit A.

Page 7 of 13
*Association of Village Council Presidents, et al. v. National Marine Fisheries Service et al.,*: Case No. 3:23-cv-00074SLG [Memorandum in Support of Motion to Intervene]

Case 3:23-cv-00074-SLG   Document 23-1   Filed 08/14/23   Page 7 of 13

commercial trawling to limit salmon bycatch is "literally having an adverse downstream impact on the City's tax base and residents."[29]

The foregoing easily meets the standard for a significantly protectable interest. The City's economic interest in healthy salmon runs is "concrete and related to the underlying subject matter of the action. Title 4.16 of the Bethel Municipal Code sets forth the importance of sales tax revenue and collection for the City, and protects that economic interest. There is a clear relationship between the City's economic interest and the health of salmon fisheries in the Yukon and Kuskokwim Rivers. Resolution of this case in Plaintiff's favor has the potential to result in an updated environmental impact statement and management of commercial trawling to the benefit of declining salmon populations, and in turn, to Bethel's local economy.

### C. Bethel's ability to protect its interest will be impaired or impeded by the disposition of this case.

Because Bethel has a substantial economic interest in the health of the salmon fisheries in the Yukon-Kuskokwim Delta, it follows that the disposition of this case will affect that interest.[30] Indeed, a prospective party "has a sufficient interest for intervention purposes if it will suffer a practical impairment of its interests as a result of the pending

---

[29] Dkt 1. Exhibit A.
[30] *See Nat. Res. Def. Council, Inc. v. U.S. Nuclear Regul. Comm'n*, 578 F.2d 1341, 1345 (10th Cir. 1978) ("[T]he question of impairment is not separate from the question of the existence of an interest.").

Page 8 of 13
*Association of Village Council Presidents, et al. v. National Marine Fisheries Service et al.,*: Case No. 3:23-cv-00074SLG [Memorandum in Support of Motion to Intervene]

Case 3:23-cv-00074-SLG   Document 23-1   Filed 08/14/23   Page 8 of 13

litigation."³¹ When reviewing this element, courts look to the practical consequences of denying intervention.³² If a court's determination of an action would "substantially affect[]" an absent party, then that party should "be entitled to intervene."³³

The Court in this case is being asked to require the Federal Defendants to use current environmental conditions and an updated environmental impact statement to manage groundfish trawling that is having a downstream impact on salmon populations in the Bethel and the surrounding regions. If the Court finds against Plaintiffs and allows outdated data to govern these fisheries, Bethel will continue to suffer the economic impacts of declining salmon populations that result from that mismanagement. Bethel has a sufficient interest for intervention purposes because it may suffer a practical impairment of its economic interests as a result of the pending litigation, and the Court's decision in this case has the potential to substantially affect those interests. Accordingly, Bethel meets this prong of the standard governing intervention as of right.

### D. Bethel's interests are not adequately represented by the existing parties.

None of the existing parties here adequately represent Bethel's interest that would be affected through the disposition of this case. A party's burden under this element is

---

³¹ *Wilderness Soc. v. U.S. Forest Serv.*, 630 F.3d 1173, 1179 (9th Cir. 2011) (*quoting California ex rel. Lockyer v. United States*, 450 F.3d 436, 441 (9th Cir. 2006)) (quotation marks omitted).
³² *Nat. Res. Def. Council v. Costle*, 561 F.2d 904, 909 (D.C. Cir. 1977).
³³ *Citizens for Balanced Use*, 647 F.3d at 898 (*quoting* Fed. R. Civ. P. 24 advisory committee's notes) (quotation marks omitted).

Page 9 of 13
*Association of Village Council Presidents, et al. v. National Marine Fisheries Service et al.,*: Case No. 3:23-cv-00074SLG [Memorandum in Support of Motion to Intervene]

Case 3:23-cv-00074-SLG   Document 23-1   Filed 08/14/23   Page 9 of 13

"minimal" and the party need only show "that representation of its interests '*may* be' inadequate."[34] Ninth Circuit courts analyze three factors when making this determination. First, whether the interests of a present party are such that it will make all the arguments of the prospective intervenor.[35] Second, whether the present party is "capable and willing" to make those arguments.[36] And finally, whether the prospective intervenor "would offer any necessary elements to the proceeding that other parties would neglect."[37] Of the three factors considered, the most important is the comparison of the intervening party's interest with those of the existing parties.[38]

Bethel is the only proposed municipal party to this case. The other parties are tribal, environmental, and industry entities that lack Bethel's unique economically-driven, tax-based interest in the outcome of this case. None of the existing parties are in any position whatsoever to represent Bethel on its municipal interests or make arguments regarding them. The economic impacts of declining salmon populations on Bethel and the surrounding region are not impacts that any other party to this proceeding is capable of addressing.

---

[34] *Id.* (*quoting Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003)) (emphasis added).
[35] *Id.* (*quoting Arakaki*, 324 F.3d at 1086).
[36] *Id.* (*quoting Arakaki*, 324 F.3d at 1086) (quotation marks omitted).
[37] *Id*
[38] *Id.* (*citing Arakaki*, 324 F.3d at 1086).

Page 10 of 13
*Association of Village Council Presidents, et al. v. National Marine Fisheries Service et al.,*: Case No. 3:23-cv-00074SLG [Memorandum in Support of Motion to Intervene]

Case 3:23-cv-00074-SLG   Document 23-1   Filed 08/14/23   Page 10 of 13

Because all four elements support intervention, this Court should Alaska's request to intervene here as a matter of right under Federal Rule of Civil Procedure 24(a).

## II. Bethel meets the standards for permissive intervention.

If this Court does not find that Bethel is entitled to intervene as a matter of right, it should still grant the City permission to intervene. Under Federal Rule of Civil Procedure 24(b)(1)(B), a court may permit intervention by a party who "has a claim or defense that shares with the main action a common question of law or fact." When exercising this discretion, courts "must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights."[39] A party seeking permissive intervention must show "(1) independent grounds for jurisdiction; (2) that the motion is timely; and (3) that the applicant's claim or defense, and the main action, have a question of law or of fact in common.[40]

Bethel meets all three requirements for permissive intervention. First, the Court has independent grounds for jurisdiction over Bethel's claims. Bethel is a municipal corporation organized under the statutes and constitution of the State of Alaska. As stated in Plaintiffs' complaint, this Court has subject matter jurisdiction pursuant to 20 U.S.C. §§ 1331, 1346, and 1362, and may issue declaratory and other relief pursuant to 28 U.S.C. §§ 2201-02 and the Administrative Procedure Act (APA), 5 U.S.C. §§ 701-704,

---

[39] Fed. R. Civ. P. 24(b)(3).
[40] *United States v. City of Los Angeles, Cal.*, 288 F.3d 391, 403 (9th Cir. 2002) (*quoting Nw. Forest Res. Council*, 82 F.3d at 839).

Page 11 of 13
*Association of Village Council Presidents, et al. v. National Marine Fisheries Service et al.,*: Case No. 3:23-cv-00074SLG [Memorandum in Support of Motion to Intervene]

Case 3:23-cv-00074-SLG   Document 23-1   Filed 08/14/23   Page 11 of 13

706. Bethel shares with the existing Plaintiffs an interest in current fisheries management data and resolution of Plaintiffs' claims and is not making any claims separate or distinct from those of existing Plaintiffs.

Second, as discussed above, the motion is timely based on the proceedings in this litigation to date. Finally, Bethel's claim that declining salmon populations are adversely impacting the economy of the City and region is clearly linked to the main action's claim that the Federal Defendants are relying on inadequate, outdated data to manage groundfish trawling and bycatch.

In short, Bethel meets all three requirements for permissive intervention. Accordingly, if this Court determines that the City cannot intervene here as of right, it nevertheless should exercise its discretion and grant Bethel's request for permissive intervention.

### CONCLUSION

The City of Bethel meets the requirements for both intervention as a matter of right and permissive intervention under Federal Rule of Civil Procedure 24. Accordingly, this Court should grant Bethel's motion to intervene.

DATED: July 28, 2023

By:    */s/ Elizabeth M. Bakalar*
       Elizabeth M. Bakalar
       City Attorney
       Alaska Bar No. 0606036
       City of Bethel
       300 State Highway, PO Box 1388

Page 12 of 13
*Association of Village Council Presidents, et al. v. National Marine Fisheries Service et al.,*: Case No. 3:23-cv-00074SLG [Memorandum in Support of Motion to Intervene]

Case 3:23-cv-00074-SLG    Document 23-1    Filed 08/14/23    Page 12 of 13

Bethel, AK 99559
Phone: (907) 545-0115
Email: lbakalar@cityofbethel.net
Attorney for the City of Bethel

Page 13 of 13
*Association of Village Council Presidents, et al. v. National Marine Fisheries Service et al.,*: Case No. 3:23-cv-00074SLG [Memorandum in Support of Motion to Intervene]

Case 3:23-cv-00074-SLG   Document 23-1   Filed 08/14/23   Page 13 of 13