James C. Feldman (AK Bar No. 1702003)
Jeffrey M. Feldman (AK Bar No. 7605029)
SUMMIT LAW GROUP PLLC
315 Fifth Avenue South, Suite 1000
Seattle, WA 98104
Phone:  (206) 676-7000
jamesf@summitlaw.com
jefff@summitlaw.com

*Attorneys for At-Sea Processors Association
And United Catcher Boats*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ASSOCIATION OF VILLAGE COUNCIL PRESIDENTS, *et al.*, <br><br> Plaintiffs, <br><br> and <br><br> CITY OF BETHEL, <br><br> Intervenor-Plaintiff, <br><br> v. <br><br> NATIONAL MARINE FISHERIES SERVICE, *et al.*, <br><br> Defendants, <br><br> and <br><br> AT-SEA PROCESSORS ASSOCIATION, *et al.*, <br><br> Intervenor-Defendants. | No. 3:23-cv-00074-SLG |

*Ass'n of Vill. Council Presidents, et al. v. Nat'l Marine Fisheries Serv., et al.*
Case No. 3:23-cv-00074-SLG

1

## AT-SEA PROCESSORS ASSOCIATION'S AND UNITED CATCHER BOAT'S OPPOSITION TO MOTION TO AMEND BRIEFING SCHEDULE

### I. INTRODUCTION

The Parties cooperatively negotiated and agreed to a bifurcated briefing schedule which the Court entered as the Scheduling Order at the outset of this case.[1] Under this schedule, the case would proceed to briefing on remedies only if Plaintiffs first prevailed on the merits.[2] Thereafter—at Plaintiffs' and Federal Defendants' request—the Court granted *seven* extensions of the case schedule to allow Plaintiffs and Federal Defendants to engage in settlement discussions.[3] Each of these seven amendments to the Scheduling Order maintained the same bifurcated briefing structure.[4] And not once in the course of requesting serial extensions of the schedule did Plaintiffs raise any concerns with the delay triggered by their requested extensions.

Putting the cart before the horse, Plaintiffs now seek to renege on their prior agreement and move forward with remedies briefing before the Court has decided the fully briefed and pending cross-motions for summary judgment.[5] Intervenor-Defendants At-Sea Processors Association (APA) and United Catcher Boats (UCB) oppose the motion because remedies briefing may be entirely unnecessary and because Plaintiffs have failed to demonstrate good cause for amending the previously agreed to bifurcated briefing schedule.

---

[1] *See* Dkt. 24 (Stipulated Motion for Revised Scheduling Order); Dkt. 25 (Order Granting Stipulated Motion for Revised Scheduling Order).

[2] Dkt. 25 at 2.

[3] *See* Dkt. 38; Dkt. 42; Dkt. 44; Dkt. 46; Dkt. 49, Dkt. 58; Dkt. 64. Plaintiffs stipulated to five motions for extension of time (Dkt. 38; Dkt. 42; Dkt. 44; Dkt. 49; Dkt. 58) and did not oppose the others (Dkt. 46; Dkt. 64). Intervenor-Defendants initially joined requests for extension (*e.g.*, Dkt. 38) but later took no position (*e.g.*, Dkt. 46; Dkt. 64).

[4] *See* Dkt. 39; Dkt. 43; Dkt. 45; Dkt. 47; Dkt. 53; Dkt. 59; Dkt. 65 (Orders Amending Case Schedule)

[5] Dkt. 88.

*Ass'n of Vill. Council Presidents, et al. v. Nat'l Marine Fisheries Serv., et al.*
Case No. 3:23-cv-00074-SLG

2

Case 3:23-cv-00074-SLG   Document 91   Filed 12/26/24   Page 2 of 7

## II. ARGUMENT

Every iteration of the Court's Scheduling Order for this case has unambiguously provided that the Parties will not brief remedies unless and until Plaintiffs first prevail on the merits.[6] Despite previously agreeing to this bifurcated briefing schedule, Plaintiffs now ask the Court to order remedies briefing before the Court has reached a decision on the merits. Attempting to manufacture urgency, Plaintiffs contend—for the first time—that this case must be resolved before the start of the 2025 pollock B Season and that premature remedies briefing will somehow result in a more efficient resolution of the litigation.[7] There is no efficiency to be achieved in ordering potentially unnecessary briefing, and any delay in resolving this case is a direct result of Plaintiffs' own strategic choice to seek multiple extensions of the schedule while pursuing unsuccessful settlement negotiations. In short, Plaintiffs fail to demonstrate the requisite good cause to amend the Scheduling Order.[8]

### A. No Efficiencies Will Be Achieved by Briefing Remedies Before the Court has Ruled on The Merits.

APA and UCB agreed to a bifurcated briefing schedule for two primary reasons, both of which warrant maintaining the current schedule. ***First***, bifurcated briefing of merits and remedies saves the Parties the time and resources of briefing an issue (remedies) that will not require briefing at all if the Court upholds the agency's decision. ***Second***, even if Plaintiffs prevail on the merits, bifurcated briefing allows for the Parties' remedies briefing

---

[6] *See* Dkt. 25 at 2 ("If the Court rules in favor of Plaintiffs on the merits, the Parties will submit separate briefing regarding the appropriate remedy. Plaintiffs' and any Intervenor-Plaintiff's opening briefs regarding the remedy shall be due 30 days ***after the Court's decision on the merits***.") (emphasis added); Dkt. 39 at 2 (same); Dkt. 43 at 2 (same); Dkt. 45 at 2 (same); Dkt. 47 at 2 (same); *see also* Dkt. 53 at 2 ("The schedule for remedies briefing, ***if any***, is provided under this Court's Order at Docket 47.") (emphasis added); Dkt. 59 at 2 (same); Dkt. 65 at 2 (same).

[7] Dkt. 88 at 3.

[8] *See* Dkt. 21 (requiring good cause to modify case schedule).

*Ass'n of Vill. Council Presidents, et al. v. Nat'l Marine Fisheries Serv., et al.*
Case No. 3:23-cv-00074-SLG

3

Case 3:23-cv-00074-SLG     Document 91     Filed 12/26/24     Page 3 of 7

to be informed by the Court's decision on the merits. Fashioning the appropriate remedy would depend on the nature of any potential agency error identified by the Court; relatively minor errors, for example, often call for narrower remedies. It is more challenging for the Parties to meaningfully address the appropriate remedy before the Court has resolved the merits and identified the nature and extent of any error—if one exists at all—to be remedied. These efficiencies alone justify maintaining the current bifurcated briefing schedule.

B. **Neither Delays for Settlement Negotiations nor the Start of Pollock B Season Provide Good Cause to Amend the Briefing Schedule Previously Agreed to by Plaintiffs.**

Plaintiffs' proposal is not only inefficient, but also their proffered reasons—delays caused by settlement negotiations and the upcoming (albeit months away) pollock B season—do not establish good cause to amend the briefing schedule.[9] Plaintiffs' sudden urgency rings particularly hollow as it is Plaintiffs' own strategic decisions that have repeatedly delayed the resolution of this case.

*First*, Plaintiffs disingenuously suggest that the Court should order remedies briefing before it reaches the merits "[b]ecause the unsuccessful settlement [negotiations] resulted in a substantial delay in the litigation deadlines…."[10] It was Plaintiffs who jointly proposed *repeated* extensions of the briefing schedule in this case while they engaged in settlement negotiations.[11] Plaintiffs surely understood these numerous extensions would delay resolution of the case, yet at no point in seeking or not opposing any of these extensions did

---

[9] Noticeably absent from Plaintiffs' motion is any mention of the good cause standard or explanation as to how their newfound desire to have an expedited decision meets this standard.

[10] Dkt. 88 at 4.

[11] *See* Dkt. 24; Dkt. 38; Dkt. 42; Dkt. 44; Dkt. 46; Dkt. 49, Dkt. 58; Dkt. 64.

*Ass'n of Vill. Council Presidents, et al. v. Nat'l Marine Fisheries Serv., et al.*
Case No. 3:23-cv-00074-SLG

4

Plaintiffs ask to amend the bifurcated briefing structure or identify any prejudice that would result from continued delay.[12]

***Second***, Plaintiffs contend that a decision on both merits and remedies is necessary before the pollock B Season begins on June 10, 2025. Plaintiffs fail to identify the significance of the start of B Season other than the nebulous goal of "ensuring adequate notice and clarity for fishing vessels."[13] Again, Plaintiffs have never, until now, indicated that resolution of the case was required before the start of a particular pollock fishing season, be it the 2024 B Season, the 2025 A Season, or the 2025 B Season. Plaintiffs fail to articulate any good cause for deviating from the current briefing schedule here.[14]

***Finally***, the current schedule already provides for expeditious remedies briefing if Plaintiffs prevail on the merits. Plaintiffs' motion indicates that they are already prepared to submit their remedies brief in the event they prevail on the merits.[15] If the Court does rule for Plaintiffs on the merits, the current schedule provides that Federal Defendants and Intervenor-Defendants will respond within 30 days, and Plaintiffs have 14 days to file a

---

[12] Indeed, had Plaintiffs not sought repeated extensions while they engaged in fruitless negotiations, the case would have been fully briefed seven and half months earlier. Dkt. 25.

[13] Dkt. 88 at 4.

[14] *See, e.g.*, *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999) (explaining good cause analysis looks to whether the moving party assisted the court in fashioning a case schedule that "would accommodate circumstances she now presents[,]" and finding, "[i]f Plaintiff was aware of those circumstances when she submitted her status report and yet said nothing about them, then such an omission would not be 'compatible with a finding of diligence.'") (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)); *see also Ebel v. Eli Lilly & Co.*, 248 F.R.D. 208, 209 (S.D. Tex. 2007) (declining to find good cause for amending case schedule where parties sought relief from deadline that they had suggested a month prior).

[15] *See* Dkt. 88 at 4–5 ("AVCP and TCC are prepared to submit a motion addressing permanent injunctive relief promptly after the Court rules on this scheduling motion.").

*Ass'n of Vill. Council Presidents, et al. v. Nat'l Marine Fisheries Serv., et al.*
Case No. 3:23-cv-00074-SLG

5

Case 3:23-cv-00074-SLG   Document 91   Filed 12/26/24   Page 5 of 7

reply.[16] Accordingly, under the current schedule, remedies briefing would be completed within six weeks of the Court's resolution of the cross-motions for summary judgment.

### III. CONCLUSION

For sound reasons, all Parties agreed to a bifurcated briefing schedule in which remedies would be briefed only if Plaintiffs first prevailed on the merits. Plaintiffs' motion fails to establish the necessary good cause for amending the case schedule. APA and UCB respectfully request that the Court hold Plaintiffs to the current case schedule and deny the motion.

DATED this 26th day of December, 2024.

        SUMMIT LAW GROUP, PLLC

        *s/ James C. Feldman*
        James C. Feldman (AK Bar No. 1702003)
        Jeffrey M. Feldman (AK Bar No. 7605029)

        ***Attorneys for At-Sea Processors Association and United Catcher Boats***

---

[16] Dkt. 65 at 2; Dkt. 47 at 2.

*Ass'n of Vill. Council Presidents, et al. v. Nat'l Marine Fisheries Serv., et al.*
Case No. 3:23-cv-00074-SLG

6

Case 3:23-cv-00074-SLG   Document 91   Filed 12/26/24   Page 6 of 7

**CERTIFICATE OF SERVICE**

I hereby certify that on December 26, 2024, I filed a true and correct copy of the foregoing document with the Clerk of the Court for the United States District Court of Alaska by using the CM/ECF system. Participants in this Case No. 3:23-cv-00074-SLG who are registered CM/ECF users will be served by the CM/ECF system.

SUMMIT LAW GROUP, PLLC

*s/ Lisa Britton*
**Lisa Britton,** Legal Assistant
lisab@summitlaw.com

*Ass'n of Vill. Council Presidents, et al. v. Nat'l Marine Fisheries Serv., et al.*
Case No. 3:23-cv-00074-SLG

7

Case 3:23-cv-00074-SLG   Document 91   Filed 12/26/24   Page 7 of 7