Katharine S. Glover
Eric P. Jorgensen
EARTHJUSTICE
325 Fourth Street
Juneau, AK 99801
T: 907.586.2751
E: kglover@earthjustice.org
E: ejorgensen@earthjustice.org

Charisse Arce
Maile Tavepholjalern
EARTHJUSTICE
310 K Street Suite 508
Anchorage, AK 99501
T: 907.277.2500
E: carce@earthjustice.org
E: mtave@earthjustice.org

*Attorneys for Plaintiffs Association of Village Council Presidents and Tanana Chiefs Conference*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ASSOCIATION OF VILLAGE COUNCIL PRESIDENTS and TANANA CHIEFS CONFERENCE, )<br><br>*Plaintiffs*, )<br><br>CITY OF BETHEL, )<br><br>*Intervenor-Plaintiff*, )<br><br>v. )<br><br>NATIONAL MARINE FISHERIES SERVICE *et al.*, )<br><br>*Defendants*, )<br><br>AT-SEA PROCESSORS ASSOCIATION and UNITED CATCHER BOATS, )<br><br>*Intervenor-Defendants*. ) | Case No. 3:23-cv-00074-SLG |

## PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR REVISED SCHEDULING ORDER

Plaintiffs AVCP and TCC submit this reply in support of their motion for revised scheduling order, Doc. 88, and in response to Defendants' and Intervenor-Defendants' oppositions, Doc. 92; Doc. 91. Granting AVCP and TCC's request to amend the current briefing schedule, Doc. 47 at 2; Doc. 67 at 2, to allow the parties to submit briefs addressing the full scope of remedies at the same time the Court is considering the merits would allow for more efficient resolution of the case, and could provide relief to AVCP and TCC more quickly if the Court rules in their favor. The requested schedule modification would not harm the Service or Intervenor-Defendants.

The only potential harm that the Service and Intervenor-Defendants identify is that, if the Court rules in favor of the Service on the merits, remedies briefing will have been unnecessary. *See* Doc. 92 at 4; Doc. 91 at 3. But, allowing remedies briefing to proceed while the Court considers the merits would merely mean returning to a schedule more consistent with the ordinary course of proceedings, where merits and remedies are briefed together. *See* L.Civ.R. 16.3(c) (providing for a single set of briefs). While the parties jointly agreed to bifurcated briefing in this case, as explained in AVCP and TCC's motion, the bifurcated schedule was intended not only to provide for efficient resolution of the case by allowing time needed to address remedies, but also to facilitate settlement discussions, potentially leading to quicker interim relief. *See* Doc. 88 at 2; *see also* Doc. 71 at 26 (indicating AVCP and TCC's intent to work with other parties to modify briefing schedule). There is no longer a need to maintain separate briefing for those purposes.

Further, contrary to Intervenor-Defendants' arguments, a decision on the merits is not necessary to inform remedies briefing.  *See* Doc. 91 at 3-4.  This is not a case where there are multiple claims that could lead to divergent requests for relief.  Rather, the two claims in this case are both NEPA claims that involve overlapping issues and, if successful, would lead to the same requested relief.  *See* Doc. 32 at 25-48 (opening brief describing claims).  Briefing remedies before a decision on the merits is not prejudicial to any party.

The only other reasons the Service or Intervenor-Defendants offer for opposing the requested schedule modification are that they do not agree that the requested remedies are appropriate or that relief is needed before any particular fishing season.  *See* Doc. 92 at 3-4; Doc. 91 at 4-5.  Both of these issues are more appropriately addressed in substantive remedies briefs; they are not reasons to deny the requested schedule modification altogether.  AVCP and TCC are harmed each fishing season by the ongoing prosecution of the fisheries and the 2025 B season is the earliest practicable opportunity to provide relief before the start of the season.  *See* Doc. 88 at 3-4.

For the foregoing reasons, AVCP and TCC request that the Court grant their motion to revise the scheduling order, Doc. 88.

Respectfully submitted this 30th day of December, 2024.

*s/ Katharine S. Glover*

Katharine S. Glover (Alaska Bar No. 0606033)
Eric P. Jorgensen (Alaska Bar No. 8904010)
Charisse Arce (Alaska Bar No. 2303017)
Maile Tavepholjalern (Alaska Bar No. 1611094)
EARTHJUSTICE

*Attorneys for Plaintiffs Association of Village*
*Council Presidents and Tanana Chiefs*
*Conference*

# CERTIFICATE OF SERVICE

I hereby certify that on December 30, 2024, a copy of the foregoing

PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR REVISED SCHEDULING

ORDER was served electronically on all counsel of record through the Court's CM/ECF

system.

    *s/ Katharine S. Glover*
    Katharine S. Glover